

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,432-02

### EX PARTE LISSETTE FUENTES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16-CRS-318-B IN THE 229TH DISTRICT COURT
### FROM STARR COUNTY

*Per curiam*.  YEARY, J., concurred.

## O P I N I O N

Applicant entered an open plea of guilty to intoxication manslaughter (x2), intoxication assault, and aggravated assault (x3) and was sentenced to twenty years' imprisonment in counts one and two, and ten years' imprisonment in counts three through six.  Count two was set to run consecutively to count one, and count three was set to run consecutively to count two.  The Fourth Court of Appeals dismissed her appeal for want of jurisdiction. *Fuentes v. State*, No. 04-18-00704-CR (Tex. App.—San Antonio Dec. 27, 2018) (not designated for publication).  Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.  *See* Tex. Code Crim. Proc. art. 11.07.

Applicant contends, among other things, that her plea was involuntary because of trial

counsel's failure to give competent advice and failure to review the evidence with her. Based on the record, the trial court has determined that Applicant's plea was involuntary due to trial counsel's failure to properly advise Applicant.

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 16-CRS-318 in the 229th District Court of Starr County is set aside, and Applicant is remanded to the custody of the Sheriff of Starr County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: October 12, 2022
Do not publish